Kern, Leila R., J.
This action involves claims for damages stemming from an accident that occurred on the ballroom dance floor while plaintiff was attending a function at the Chicago Sheraton Hotel on October 15,2001. Dr. Bradshaw brought suit against Sheraton Corp., seeking damages for her injuries (Count I). Mr. Conrad, Dr. Bradshaw’s common-law husband, also brought a claim for loss of consortium (Count II). The defendant now moves for summary judgment. For the following reasons, the Motion for Summary Judgment is DENIED.

BACKGROUND

On the evening of October 15, 2001, the plaintiff had dinner with colleagues in the ballroom of the Chicago Sheraton Hotel. The plaintiff had consumed one glass of wine during dinner, and she took one sip from a second glass of wine before she left the drink on the table to dance with a colleague. (See Plaintiffs Deposition, page 187.) A piece of metal edging lined the edge of the dance floor, which provided a slight incline between the carpet and the dance floor. (See Plaintiffs Deposition, page 201.)
The plaintiff entered the dance floor without a problem, and she did not notice anything unusual about the dance floor. (See Plaintiffs Deposition, page 196.) As the plaintiff was dancing with her back to the edge of the dance floor, her foot hit the slanted edge of the floor, she was caught off guard, and she fell backward. (See Plaintiffs Deposition, page 197.) The plaintiff reached out her left hand in order to break her fall, and she sustained a fractured wrist. The fracture required physical therapy and numerous medical procedures, resulting in pain and suffering, as well as the impairment of the plaintiffs ability to practice medicine. (See Complaint, ¶¶8, 10-11.)
The plaintiff alleges that her fall was caused by a combination of poor lighting, crowded conditions on the dance floor, and the failure to warn her of the slanted metal transition piece, which was excessively sloped and less slippery than the rest of the dance floor. (See Plaintiffs Supplemental Answers to Interrogatories, Answers 19 and 20.)

DISCUSSION

The Summary Judgment Standard

Summary judgment is appropriate where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991); Mass.R.Civ.P. 56(c). The moving party bears the burden of establishing the absence of a triable issue. Pederson v. Time, Inc., 404 Mass. 14, 17 (1989). Once this is satisfied, the burden shifts to the party opposing summary judgment to allege specific facts establishing the existence of a genuine issue or issues of material fact. Id. “A complete failure of proof concerning an essential element of the non-moving party’s case renders all other facts immaterial.” Kourouvacilis, 410 Mass. at 711, citing Celetex Corp. v. Catrett, 477 U.S. 317, 323 (1986). In determining whether there are genuine issues of material fact, the court may consider the pleadings, depositions, answers to interrogatories, admissions on file and the affidavits. Community National Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The summary judgment record must be viewed in the light most favorable to the non-moving party. See Costa v. Boston Redsox Baseball Club, 61 Mass.App.Ct. 299, 300 (2004) and cases cited. The party opposing summary judgment cannot defeat the motion simply by resting on the pleadings and mere assertions that there are disputed facts. LaLonde v. Eissner, 405 Mass. 207, 209 (1989).

Summary judgment is denied because genuine issues of material fact exist with respect to the issue of whether the sloped edge of the dance floor would present an open and obvious danger to a reasonable person.

Property owners are usually relieved from liability for conditions on the property which present a danger that is open and obvious to the invitee, although this rule is subject to some limitations. See LaFever v. Kemlite Co., 185 Ill.2d 380, 390 (1998); Ward v. K-Mart Corp., 136 Ill.2d 132, 149 (1990). The issue of whether a danger is “open and obvious” is determined by the *562 objective knowledge of a reasonable person, not the plaintiffs actual subjective knowledge. Simmons v. American Drug Stores, Inc., 329 Ill.App.3d 38, 43 (2002); Wreglesworth ex rel. Wreglesworth v. Arctco, Inc., 317 Ill.App.3d 628, 635-36 (2000). Whether a condition constitutes an open and obvious danger is a question of fact. See Simmons 329 Ill.App.3d at 43; Pullia v. Builders Square, 265 Ill.App.3d 933, 939 (1994). In the current case, the parties dispute material facts relative to the lighting in the ballroom at the time of the accident, as well as the nature of the plaintiffs conduct in dancing backwards toward the edge of the dance floor. (See Plaintiffs Response to Defendant’s Statement of Claimed “Undisputed Facts” and Elements of Law, Statement of Legal Elements, SI 12.) Thus, a question of material fact exists with respect to whether a reasonable person in the plaintiffs position would have failed to appreciate the danger presented by the edge of the dance floor.
Even if, arguendo, the edge of the dance floor posed an open and obvious risk to a reasonable person, Sheraton may still be liable if it reasonably should have anticipated harm despite such knowledge or obviousness. See LaFever, 185 Ill.2d at 390; Deibert v. Bauer Brothers Construction Co., 141 Ill.2d 430, 437 (1990); Ward, 136 Ill.2d at 149, quoting the Restatement (Second) of Torts, §343A (1965). The Illinois Supreme Court has recognized that, although certain conditions may be characterized as “known” or “obvious” to invitees, aland owner’s duty of reasonable care may still require that he take reasonable steps in order to protect invitees from such harm. See Deibert, 141 Ill.2d at 435-36; Ward, 136 Ill.2d at 156. For example, the defendant may reasonably be expected to anticipate that invitees in the general exercise of ordinary care may fail to avoid an obvious risk because they are distracted or momentarily forgetful. See Deibert, 141 Ill.2d at 436; Word, 136 Ill.2d at 156; Clifford v. Wharton Business Group, L.L.C., 353 Ill.App.3d 34, 42-43 (2004). Thus, a genuine issue of material fact exists as to whether Sheraton should have reasonably anticipated that guests would become distracted and disregard the risk posed by the metal edge of the dance floor while dancing.
“Whether a defendant has breached its duty is a question of fact for resolution by the jury.” Deibert, 141 Ill.2d at 441; see Ward, 136 Ill.2d at 156; Mieher v. Brown, 54 Ill.2d 539, 544 (1973). If the conditions in the ballroom, including its lighting, indicate that Sheraton should have anticipated such harm, a factual question remains as to whether Sheraton failed to exercise reasonable care in order to protect its guests from the harm and whether such failure was the proximate cause of Dr. Bradshaw’s injuiy.

ORDER

It is therefore ORDERED that Defendants’ Motion for Summary Judgment be DENIED.